IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Logan McIntyre, Lucas Wisniakowski, William P Topping II, Brice McNamara, Randall Coaxum, Andrew Welch, Timothy Mitchum, Dakota Schmaltz, Ryan Jeffords, Robert Mullen, Simmons Martin, Christopher Frazier, Harry Griffin, Matt Lundell, Dawson Wilkins, Roland Ziegler, Paul Cobb, Larry David Gordan, Austin Ruddy, Macon Cooper Davis, Joseph Heuer, Brandon Shuey and Randall Smith, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SSA Cooper, LLC,<br><br>Defendant. | Civil Action No.: 2:18-cv-02150-DCN<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiffs Logan McIntyre, Lucas Wisniakowski, William P Topping II, Brice McNamara, Randall Coaxum, Andrew Welch, Timothy Mitchum, Dakota Schmaltz, Ryan Jeffords, Robert Mullen, Simmons Martin, Christopher Frazier, Harry Griffin, Matt Lundell, Dawson Wilkins, Roland Ziegler, Paul Cobb, Larry David Gordan, Austin Ruddy, Macon Cooper Davis, Joseph Heuer, Brandon Shuey and Randall Smith individually and on behalf of all other similarly situated Stevedores, in the above-captioned matter, allege and show unto this Honorable Court the following:

**NATURE OF CLAIM**

1. This is an action for violations of unpaid overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*, (FLSA).

2. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. §216(b), individually and on behalf of other similarly situated Stevedores employed by the Defendant in the United States who suffered damages because of Defendant's violations of the FLSA.

3. Plaintiffs also brings individual and class claims for unpaid wages under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, et seq. (SCPWA)

**PARTIES, JURISDICTION AND VENUE**

4. Plaintiff Logan McInytre is a citizen and a resident of Charleston County, South Carolina.

5. Plaintiff Lucas Wisniakowski is a citizen and a resident of Crosby, Texas.

6. Plaintiff William P Topping II is a citizen and a resident of Charleston County, South Carolina.

7. Plaintiff Brice McNamara is a citizen and a resident of Charleston County, South Carolina.

8. Plaintiff Randall Coaxum is a citizen and a resident of Charleston County, South Carolina.

9. Plaintiff Andrew Welch is a citizen and a resident of Charleston County, South Carolina.

10. Plaintiff Timothy Mitchum is a citizen and a resident of Berkeley County, South Carolina.

11. Plaintiff Dakota Schmaltz is a citizen and a resident of Berkeley County, South Carolina.

12. Plaintiff Ryan Jeffords is a citizen and a resident of Charleston County, South Carolina.

13. Plaintiff Robert Mullen is a citizen and a resident of Charleston County, South Carolina.

14. Plaintiff Simmons Martin is a citizen and a resident of Charleston County, South Carolina.

15. Plaintiff Christopher Frazier is a citizen and a resident of Charleston County, South Carolina.

16. Plaintiff Harry Griffin is a citizen and a resident of Charleston County, South Carolina.

17. Plaintiff Matt Lundell is a citizen and a resident of Charleston County, South Carolina.

18. Plaintiff Dawson Wilkins is a citizen and a resident of Charleston County, South Carolina.

19. Plaintiff Roland (Trey) Zeigler is a citizen and a resident of Charleston County, South Carolina.

20. Plaintiff Paul Cobb is a citizen and a resident of Berkeley County, South Carolina.

21. Plaintiff Larry David Gordan is a citizen and a resident of Berkeley County, South Carolina.

22. Plaintiff Austin Ruddy is a citizen and a resident of Charleston County, South Carolina.

23. Plaintiff Macon Cooper Davis is a citizen and a resident of Charleston County, South Carolina.

24. Plaintiff Joseph Heuer is a citizen and a resident of Charleston County, South Carolina.

25. Plaintiff Brandon Shuey is a citizen and a resident of Charleston County, South Carolina.

26. Plaintiff Randall Smith is a citizen and a resident of Charleston County, South Carolina.

27. Defendant, SSA Cooper LLC, is a for-profit Delaware corporation, registered to do business with the South Carolina Secretary of State.

28. Venue is proper in this District because the Defendant has conducted substantial, continuous and systematic commercial activities in Charleston. Additionally, the unlawful labor practices and policies giving rise to Plaintiffs' claims were committed in the Charleston Division of this Court.

29. Plaintiffs bring this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of similarly situated Stevedores who worked more than forty (40) hours during certain workweeks without receiving overtime compensation during the last three years.

30. This Court has jurisdiction of the Plaintiffs' claims brought under the FLSA pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216 (b).

31. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiffs' pendent claims, which are brought pursuant to the statutory and

common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

32. Plaintiffs also bring this action individually and as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all Stevedores employed by Defendants in the United States at any time within the three years prior to the commencement of this lawsuit who were not paid all their Paid Time Off (PTO) as required by state law.

33. Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged:

    a. The proposed Plaintiffs' class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed Plaintiffs' class;

    c. The claims of Plaintiffs, the representative of the proposed Plaintiffs' class, are typical of the claims of the proposed Plaintiffs class; and

    d. Plaintiffs, the representative of the proposed Plaintiffs' class, will fairly and adequately protect the interests of the class.

34. In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiffs class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367

over Plaintiffs' pendent claims, which are brought pursuant to the law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

## **FACTS**

36.     Defendant, SSA Cooper, LLC is the world's largest operator of marine and rail cargo terminals.  The Defendant provides full-service Stevedores for loading and unloading cargo on steamships.  The Stevedores handle containers, bulk commodities, paper products, lumber, steel, stuffing and stripping containers on terminals. The Defendant is paid by the steamship lines.

37.     Plaintiff Logan McIntyre was employed by the Defendant from approximately March of 2017 until approximately March 2018 as a Stevedore in Charleston County, South Carolina.

38.     Plaintiff Lucas Wisniakowski was employed by the Defendant from approximately October of 1975 until approximately October of 2017 as a Stevedore in Houston and Port Arthur, Texas.

39.     Plaintiff William P Topping II was employed by the Defendant from approximately October of 2017 until approximately June of 2018 as a Stevedore in Charleston County, South Carolina.

40.     Plaintiff Brice McNamara was employed by the Defendant from approximately July of 2016 until approximately June of 2018 as a Stevedore in Charleston County, South Carolina.

41. Plaintiff Randall Coaxum was employed by the Defendant from approximately December of 2017 until approximately June of 2018 as a Stevedore in Charleston County, South Carolina.

42. Plaintiff Andrew Welch was employed by the Defendant from approximately October of 2017 until approximately June of 2018 as a Stevedore in Charleston County, South Carolina.

43. Plaintiff Timothy Mitchum was employed by the Defendant from approximately December of 2017 until approximately June of 2018 as a Stevedore in Charleston County, South Carolina.

44. Plaintiff Dakota Schmaltz was employed by the Defendant from approximately November of 2017 until approximately June of 2018 as a Stevedore in Charleston County, South Carolina.

45. Plaintiff Ryan Jeffords was employed by the Defendant from approximately June of 2016 until approximately June of 2018 as a Stevedore in Charleston County, South Carolina.

46. Plaintiff Robert Mullen was employed by the Defendant from approximately October of 2015 until approximately October of 2017 as a Stevedore in Charleston County, South Carolina.

47. Plaintiff Simmons Martin was employed by the Defendant from approximately February of 2017 until approximately June of 2017 as a Stevedore in Charleston County, South Carolina.

48. Plaintiff Christopher Frazier was employed by the Defendant from approximately August of 2015 until approximately June of 2018 as a Stevedore in Charleston County, South Carolina.

49. Plaintiff Harry Griffin was employed by the Defendant from approximately October of 2017 until approximately June of 2018 as a Stevedore in Charleston County, South Carolina.

50. Plaintiff Matt Lundell was employed by the Defendant from approximately April of 2016 until approximately December of 2017 as a Stevedore in Charleston County, South Carolina.

51. Plaintiff Dawson Wilkins was employed by the Defendant from approximately November of 2017 until approximately June of 2018 as a Stevedore in Charleston County, South Carolina.

52. Plaintiff Trey Zeigler was employed by the Defendant from approximately December of 2017 until the present as a Stevedore in Charleston County, South Carolina.

53. Plaintiff Paul Cobb was employed by the Defendant from approximately October of 1999 until approximately June of 2018 as a Stevedore in Charleston County, South Carolina.

54. Plaintiff Larry David Gordan was employed by the Defendant from approximately April of 2011 until the June 2018 as a Stevedore in Charleston County, South Carolina.

55. Plaintiff Austin Ruddy was employed by the Defendant from approximately June of 2012 until the June of 2018 as a Stevedore in Charleston County, South Carolina.

56. Plaintiff Macon Cooper Davis was employed by the Defendant from approximately March of 2016 until the June of 2018 as a Stevedore in Charleston County, South Carolina.

57. Plaintiff Joseph Heuer was employed by the Defendant from approximately August of 2015 until the June of 2018 as a Stevedore in Charleston County, South Carolina.

58. Plaintiff Brandon Shuey was employed by the Defendant from approximately May of 2015 until the June of 2018 as a Stevedore in Charleston County, South Carolina.

59. Plaintiff Randal Smith was employed by the Defendant from approximately August of 2011 until the June of 2018 as a Stevedore in Charleston County, South Carolina.

60. Plaintiffs and similarly situated Stevedores are paid a salary.

61. Plaintiffs are not paid additional wages when they work over forty hours (40) in a work week.

62. Defendant misclassified Plaintiffs, and other similarly situated Stevedores, as exempt from the overtime compensation requirements of the FLSA.

63. Plaintiffs and similarly situated Stevedores are not employed in any bona fide executive, administrative, or professional capacity.

64. Plaintiffs' primary duties consisted of working with employees of the International Longshoremen's Association (ILA) to load and unload cargo on steamships at the ports in Charleston, South Carolina and Port Arthur, Texas and Houston, Texas.

65. The Defendant hires individual ILA supervisors who are called "Headers". The Header then hires, ILA members from the ILA Union Hall that he will supervise on

the ship. The ILA employees the Header selects to work, is referred to as the "Gang". In Texas, the Headers are referred to as the "Gang Forman".

66. Plaintiffs and similarly situated Stevedores, may direct the work of ILA gangs by giving them instructions such as: the order to load, or unload the containers, where to place the containers, or where the trucks are required to line up, so the crane can load and unload cargo per the stowage plan. However; the Header, or Gang Foreman; not the Stevedore, has authority over the ILA members that are in the Gang.

67. Plaintiffs, and other similarly situated Stevedores DO NOT interview or hire the ILA Gangs they work with.

68. Plaintiffs, and other similarly situated Stevedores DO NOT train the ILA Gangs they work with.

69. Plaintiffs, and other similarly situated Stevedores DO NOT set the ILA Gangs' rate of pay.

70. Plaintiffs, and other similarly situated Stevedores DO NOT determine the number of hours the ILA Gangs will work.

71. The Plaintiffs and other similarly situated Stevedores DO NOT have the authority to fire or discipline any of ILA employees they work with.

72. Plaintiffs and other similarly situated Stevedores are bound by the grievance procedure for disciplining union members as set forth in the ILA's collective bargaining agreement.

73. Plaintiffs and other similarly situated Stevedores, suggestions and recommendations as to firing, and disciplining the ILA employees, is not given significant weight or consideration by the Defendant.

74. It is a rare occurrence for Plaintiffs and other similarly situated Stevedores to recommend that an ILA employee be disciplined and it is rarer still that their recommendation is followed.

75. The Defendant pays the ILA employees, one and one-half times their regular rate of pay for all hours worked when they work in excess of forty (40) hours in a work week.

76. The Defendant DOES NOT pay, Plaintiffs and similarly situated Stevedores, one and one-half times their regular rate of pay for all hours worked, when they work in excess of forty (40) hours in a work week.

77. Plaintiffs and similarly situated Stevedores regularly work more than forty (40) hours in a work week.

78. Plaintiffs and similarly situated Stevedores are required to be available to work, (7) seven days a week, (24) hours a day.

79. Plaintiffs and similarly situated Stevedores do not have a set schedule.

80. Plaintiffs and similarly situated Stevedores receive a daily email between 5:00 pm and 6:30 pm, that lists the Stevedore who are scheduled to work the following day. The email contains the start time, which varies depending upon the steamships arrival.

81. The email also informs Plaintiffs and similarly Stevedores what their work assignments will be.

82. Plaintiffs and similarly Stevedores do not manage a customarily recognized department or subdivision. Their work assignments vary each shift.

83. The daily email informs Plaintiffs and similarly Stevedores, which department or subdivision of the enterprise they will be assigned to work.

84. For instance, they are told whether they will be working a containership, a breakbulk ship, if they be working on the deck of the ship, the dock, in the hull of the ship, preparing stow plans, stuffing cargo or working in the warehouse.

85. Plaintiffs and similarly situated Stevedores, are required to continue to work until the ship is completely loaded or unloaded. As a result, they regularly work between ten (10) and eighteen (18) hours at a time.

86. Plaintiffs and similarly situated Stevedores regularly work between fifteen (15) to (25) hours of overtime in a work week.

87. Defendants know that Plaintiffs and similarly situated Stevedores worked significant overtime without being compensated.

88. The position of a Stevedore involves grueling hours, working in extreme heat, cold, rain and wind. The job involves working around heavy equipment, cargo and in high locations.

89. Upon information and belief, Defendants deprive Plaintiffs and similarly situated Stevedores of the overtime pay they are entitled to under the FLSA, to save on labor costs and make higher profits.

90. Defendant does not employ the Plaintiffs and similarly situated Stevedores as seaman.

91. Plaintiffs and similarly situated Stevedores do not render aid in the operation of the vessels as a means of transportation nor do they aid the vessels in navigation.

92. At all times, relevant to this Complaint, Plaintiffs and similarly situated Stevedores were non-exempt employees for purposes of overtime compensation provisions of the FLSA.

93. The Defendants have previously been sued for misclassifying Stevedores as exempt employees: *2:15-cv-01076-DCN Chaplin v. SSA Cooper LLC* and *2:17-cv-02368-DCN Hurst v. SSA Cooper LLC*.

94. Despite settling those lawsuits (ECF 79), Defendants have continued to misclassify Plaintiffs and other similarly situated Stevedores.

95. Plaintiffs and similarly situated Stevedores, had an employment agreement with Defendants; that allowed them to accrue Paid Time Off (PTO) based upon the time they worked. This is a benefit the Plaintiffs and similarly situated Stevedores earned.

96. Upon information and belief, when Plaintiffs and similarly situated Stevedores, worked forty (40) hours in a work week, they accrue a designated amount of PTO.

97. Upon information and belief, Defendant deducted time and did not allow Plaintiffs' and similarly situated Stevedores, to earned PTO, for the time worked in excess of forty (40) hours in a work week. This violated the parties' employment agreement.

98. Upon information and belief, the Defendants regularly did not compensate, Plaintiffs and similarly situated Stevedores, for their earned PTO. For example, if Plaintiffs and similarly situated Stevedores, used one or two days of their earned PTO <u>and</u> work forty (40) or more hours in the remaining work week; the Defendants deducted time from their PTO.

99. The Defendants owe Plaintiffs and similarly situated Stevedores, compensation for their PTO, per, their employment agreement.

100. On June 22, 2018, Plaintiffs and similarly situated Stevedores were offered the opportunity to join the union.

101. Defendants provided, Plaintiffs and similarly situated Stevedores, a Severance Agreement and General Release ("Agreement") which offered health insurance coverage through September 30th, 2018 in exchange for waiving certain claims against Defendants.

102. The release contained in the Agreement did not waive claims arising under the FLSA.

103. FLSA claims may not be waived without approval from a court or the U.S. Department of Labor.

104. SCPWA claims may not be waiver pursuant to a private agreement.

105. The terms of the Agreement make clear; the parties did not intend for the Agreement to waive claims under the FLSA

106. The terms of the Agreement make clear; the parties did not intend for the Agreement to waive claims under the SCPWA.

107. The Agreement is a contract of adhesion.

108. The Agreement was written by Defendants and its attorneys.

109. The Agreement contains language stating, that Plaintiffs and similarly situated Stevedores, agree they are not owed wages.

110. The above quoted language is not a promise by Defendants.

## FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act–Unpaid Overtime Compensation)
(Individual and Collective Action)

111. Plaintiffs, on behalf of themselves and all similarly situated Stevedores, reallege and incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

112. At all times, pertinent to this Complaint, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

113. At all times, pertinent to this Complaint, Plaintiffs and similarly situated Stevedores were "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C. §207.

114. At all times, relevant herein, Defendant was the "employer" of Plaintiffs and similarly situated Stevedores, as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

115. Defendant employed Plaintiffs and similarly situated Stevedores for workweeks longer than forty (40) hours without compensating Plaintiffs and similarly situated Stevedores at a rate of one and on-half times their regular rate of pay as required by 29 U.S.C. § 207(a).

116. Plaintiffs and similarly situated Stevedores are entitled to unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, liquidated damages in an equal amount, and their reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

117. Defendant's violations of the FLSA were willful.

## FOR A SECOND CAUSE OF ACTION
(South Carolina Payment of Wages Act)
(Individual and Class Action)

118. Plaintiffs, on behalf of themselves and all similarly situated Stevedores, reallege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

119. Defendant is an "employer" as defined by S.C. Code Ann. § 41-10-10(1).

120. Defendant employed Plaintiffs and the members of the Plaintiffs' class within the State of South Carolina.

121. According to § 41-10-80(C), when an employer separates an employee from the payroll for any reason, the employer shall pay all wages due to the employee within forty-eight hours of the time of separation or the next regular pay day which may not exceed thirty days.

122. S.C. Code Ann § 41-10-10(2) defines wages to means "all amounts at which labor rendered is recompensed . . . and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

123. Defendant owes Plaintiffs and the members of the Plaintiffs' class "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to Defendants, as promised to Plaintiffs and the members of the Plaintiffs' class and as required by law.

124. Defendant failed to pay Plaintiffs and the members of the Plaintiffs' class all wages due, as required by Sections 41-10-40 and -50 of the Act.

125. The Defendant failed to pay Plaintiffs and members of Plaintiffs' class for the accrued PTO as per their employment agreement.

126. In addition, Defendant deducted amounts from the paychecks of Plaintiffs for PTO during work weeks when Plaintiffs and similarly situated Stevedores worked forty (40) hours or more without providing proper written notice as required by Section 41-10-30(A) of the SCPWA.

127. Defendant's failure to pay Plaintiffs and the members of the Plaintiffs' class all wages due is willful, without justification, and in violation of the duty of good faith and fair dealing.

128. Pursuant to Section 41-10-80(C) of SCPWA, Plaintiffs and the members of the Plaintiffs' class are entitled to recover an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Logan McIntyre, Lucas Wisniakowski, William P Topping II, Brice McNamara, Randall Coaxum, Andrew Welch, Timothy Mitchum, Dakota Schmaltz, Ryan Jeffords, Robert Mullen, Simmons Martin, Christopher Frazier, Harry Griffin, Matt Lundell, Dawson Wilkins, Roland Ziegler, Paul Cobb, Larry David Gordan, Austin Ruddy, Macon Cooper Davis, Joseph Heuer, Brandon Shuey and Randall Smith on behalf of themselves and similarly situated Stevedores, seek judgment against the Defendant as follows:

a. That this Court certify this action as a collective action pursuant to 29U.S.C.§216(b);

b. An award of compensatory damages in an amount equal to the unpaid overtime compensation owed to Plaintiff and similarly situated Stevedores pursuant to 29 U.S.C. §216(b);

c. An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

d. An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

e. An award of compensatory damages in the amount of the unpaid PTO owed to Plaintiffs and similarly situated Stevedores;

f. An award of treble damages pursuant to the South Carolina Payment of Wages Act;

g. An award of the reasonable attorneys' fees and costs incurred by Plaintiffs and similarly situated Stevedores in bringing this action; and

h. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiffs on behalf of themselves and all other similarly situated Stevedores hereby demand a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
1037-D Chuck Dawley Blvd, Suite 104
Mount Pleasant, South Carolina 29464
Phone (843) 588-5587
marybeth@mullaneylaw.net
*Attorney for Plaintiffs*

August 8, 2018
Mount Pleasant, South Carolina.